UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ZUP'S OF BABBITT-AURORA, INC. and SECURITY NATIONAL INSURANCE CO., INC., | Case No. 12-CV-3084 (PJS/LIB) |
| Plaintiffs, | ORDER |
| v. | |
| WEST BEND MUTUAL INSURANCE CO., INC., | |
| Defendant. | |

Jeffrey W. Gunn, MORRIS & STELLA; Hilary J. Loynes and David C. Linder, LARSON KING, LLP, for plaintiffs.

Forrest G. Hopper and Kevin J. Kennedy, BORGELT, POWELL, PETERSON & FRAUEN S.C., for defendant.

This matter is before the Court on the motion of plaintiffs Zup's of Babbitt-Aurora, Inc. ("Zup's") and Security National Insurance Co., Inc. to dismiss the amended counterclaim of defendant West Bend Mutual Insurance Co., Inc. ("West Bend"). In its amended counterclaim, West Bend asserts a claim for reformation. Specifically, West Bend alleges (1) that Zup's and West Bend reached a valid agreement, under which Zup's agreed to purchase and West Bend agreed to sell insurance that would indemnify the owner of the strip mall located at 1 Commerce Road in Babbitt, Minnesota for business-income loss that it suffered as a landlord (i.e., for lost rental income from tenants); (2) that to the extent that the insurance policy issued by West Bend purported to insure Zup's against business-income loss that it suffered as the operator of a grocery store in the strip mall (i.e., for lost profits on the sale of groceries and other

merchandise),[1] the policy failed to express the real intentions of Zup's and West Bend; and (3) that the failure of the insurance policy to express the real intentions of Zup's and West Bend was due to a mutual mistake by the parties — most importantly, the parties' mistaken belief that the policy issued by West Bend covered only loss of rental income from the tenants of the strip mall, and not the loss of sales income from the grocery store.

Plaintiffs' motion to dismiss is denied. As plaintiffs' own briefs make clear, West Bend's counterclaim adequately put plaintiffs on notice of the nature of the reformation claim. Pleadings are not briefs, and thus West Bend's counterclaim understandably does not describe the reformation claim in detail, nor does it recite every fact on which the reformation claim is based. But West Bend has nevertheless pleaded a reformation claim that is "plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), West Bend has pleaded sufficient facts to "raise a right to relief above the speculative level," *id.* at 555, and, given the nature of its reformation claim, West Bend has described the mistake that it alleges was made with sufficient particularity under Fed. R. Civ. P. 9(b). Plaintiffs have ample discovery tools available to them — including, among many other tools, contention interrogatories — to flesh out West Bend's reformation claim. Indeed, it would likely have been faster and cheaper for plaintiffs to use the tools of discovery to flesh out the reformation claim rather than to file and brief a Rule 12(b)(6) motion.

---

[1] West Bend cannot — as plaintiffs demand — cite the portion of the policy that provides this coverage, since West Bend believes that *no* portion of the policy provides this coverage. West Bend's counterclaim clearly alleges that if the *Court* should find that some provision of the policy provides this coverage, that provision would not express the real intentions of the contracting parties. Obviously, West Bend cannot know — and therefore cannot identify in its counterclaim — what provision of the policy might be deemed by the Court to provide coverage.

West Bend's reformation claim appears to raise a number of difficult legal and factual issues, such as whether Ross Nesbit Agencies, Inc. acted as an agent of Zup's or West Bend and whether that matters for purposes of the reformation claim.  But the Court will not have to decide those issues if, as West Bend alleges (in the alternative), the policy it issued did not, in fact, insure Zup's against business-income loss that it suffered as the operator of the grocery store.  And if the difficult issues raised by the reformation claim do have to be decided, both this Court and the Eighth Circuit will be in a much better position to address those issues if they have a full factual record before them.  Discovery in this case should be relatively simple — and, indeed, is scheduled to conclude in less than a month.  After all discovery is concluded — and after all non-dispositive motions have been resolved — one or both parties may move for summary judgment, and, if necessary, the Court will revisit West Bend's claim for reformation.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the motion to dismiss of plaintiffs Zup's of Babbitt-Aurora, Inc. and Security National Insurance Co., Inc. [ECF No. 24] is DENIED.

Dated: August 15, 2013                         s/Patrick J. Schiltz
                                                                Patrick J. Schiltz
                                                                United States District Judge