UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ZUP'S OF BABBITT-AURORA, INC. and SECURITY NATIONAL INSURANCE CO., INC., | Case No. 12-CV-3084 (PJS/LIB) |
| Plaintiffs, | ORDER |
| v. | |
| WEST BEND MUTUAL INSURANCE CO., INC., | |
| Defendant. | |

Jeffrey W. Gunn, MORRIS & STELLA; Hilary J. Loynes and David C. Linder, LARSON KING, LLP, for plaintiffs.

Kevin J. Kennedy and Forrest G. Hopper, BORGELT, POWELL, PETERSON & FRAUEN S.C., for defendant.

Defendant West Bend Mutual Insurance Co. ("West Bend") — the prevailing party in this case — has submitted a bill of costs totaling $3,573.20 against plaintiffs Zup's of Babbitt-Aurora, Inc. ("ZBA") and Security National Insurance Co., Inc. ("Security National"). *See* ECF No. 76; 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1). After review, the Clerk of Court entered a cost judgment against plaintiffs in that amount. *See* ECF No. 90.

This matter is before the Court on plaintiffs' motion for review of the bill of costs and cost judgment. *See* ECF No. 91. "'A prevailing party is presumptively entitled to recover all of its costs.'" *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006) (quoting *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005)). "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs . . . ." *168th and Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007).

The vast majority of the costs sought by West Bend ($3,469.20 out of $3,573.20) relate to transcripts of depositions and examinations under oath taken prior to and during the course of this litigation.  Plaintiffs argue, in essence, that none of those transcripts was "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), as (according to plaintiffs) the Court did not rely on any of the transcripts in finding in favor of West Bend.

Plaintiffs' argument is without merit — and, in fact, is based on an extremely inaccurate description of the governing law.  "The determination of necessity must be made in light of the facts known *at the time of the deposition*, without regard to intervening developments that later render the deposition unneeded for further use."  *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (quotation omitted; emphasis added).  Whether the Court actually relied on the disputed transcripts in finding in favor of West Bend is thus immaterial to whether West Bend is entitled to recover the costs of those transcripts.  *Id.* at 363 n.2 (noting "that a ruling 'that permits costs only for depositions received in evidence or used by the court in ruling upon a motion for summary judgment is narrower than section 1920' and that the better 'practice is to determine which depositions were reasonably necessary in the light of facts known to counsel at the time they were taken.'" (quoting *Merrick v. N. Natural Gas Co.*, 911 F.2d 426, 434 (10th Cir. 1990)).

Each of the depositions and examinations disputed by plaintiffs relates to an individual who played a crucial role in the events that gave rise to this lawsuit:  ZBA's owners and accountant; the insurance brokers who purchased one of the insurance policies at issue; a representative of West Bend's underwriting department; and the Rule 30(b)(6) representatives of Security National and West Bend.  At the time those depositions and examinations were

conducted, it was reasonable for West Bend to believe that each of the depositions and examinations would prove necessary to its defenses in this case.[1]  Indeed, *plaintiffs themselves* obviously believed that those depositions and examinations were important, as plaintiffs submitted all but one of those transcripts into evidence in conjunction with their motion for summary judgment.  *See* ECF No. 60.[2]

The Court notes that, although West Bend's right to recover its costs does not turn on the issue, plaintiffs are mistaken in arguing that the Court did not consider the transcripts in ruling in favor of West Bend.  The Court entered judgment in favor of West Bend after finding that the Security National policy provided primary coverage and the West Bend policy provided excess coverage.  The Court made this determination based on the face of the policies and declarations pages.  ECF No. 74 at 11-13.  But the Court went on to note that its finding was "strongly support[ed]" by the extrinsic evidence, *id.* at 13, and the Court specifically cited two of the disputed transcripts.

Plaintiffs also object to West Bend's recovery of the witness fees paid to two of the deponents (insurance brokers Tom Rykken and Bryce Craig).  The Court has already found that those depositions were reasonably necessary in light of the facts known to West Bend at the time the depositions were taken.  Moreover, the per diem and mileage fees paid to those witnesses for

---

[1]Plaintiffs also argue that the Court cannot award costs for examinations conducted prior to the filing of the complaint.  But neither § 1920 nor Rule 54(d)(1) sets forth such a limitation, and plaintiffs cite no case law holding that a court cannot award costs for transcripts that were "necessarily obtained for use in the case" just because those examinations were taken prior to the filing of the complaint.  28 U.S.C. § 1920(2).

[2]The transcript of the remaining statement under oath — that of ZBA's accountant, Charles Ziegler — was submitted by West Bend.  *See* ECF No. 66-16.

their appearances at the depositions were entirely consistent with 28 U.S.C. § 1821. West Bend is therefore entitled to recover those costs as well.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, plaintiffs' motion for review of taxation of costs [ECF No. 91] is DENIED.

Dated: August 6, 2014

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge